IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHESLEY CROSSWHITE, et al.,
    Plaintiffs,

v.                                                Civil No. 3:25-cv-308

ROYAL ENTERTAINMENT
EVENTS, LLC,
    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on Royal Entertainment Events' MOTION TO STAY AND COMPEL ARBITRATION (ECF No. 31). The parties have filed memoranda supporting their respective positions, and Royal Entertainment Events' Motion to Stay and Compel Arbitration is ripe for review. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented and oral argument would not aid in the decisional process. See E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, the Motion to Stay and Compel Arbitration will be DENIED.

## I. BACKGROUND

On April 21, 2025, Kelvin Darkwa, Chesley Crosswhite, Calvin Alex Ales, Jr., Khadijah Vasser, Victoria Elizabeth Hric, and Zoe Ray (collectively, "the original Plaintiffs") filed a complaint ("the Complaint") (ECF No. 1) against Royal Entertainment Events, LLC ("REE"). The Complaint alleges that REE (1) violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., (2) violated the Virginia Wage Payment Act ("VWPA"), Va. Code § 40.1-

29 et seq., and (3) breached its respective contracts with plaintiffs Crosswhite and Ales. ECF No. 1 at ¶¶ 49, 55-56, 63.

Since filing the Complaint, plaintiffs Crosswhite and Ales, through counsel, and pursuant to Federal Rule 41, submitted their Notice of voluntary dismissal of their individual claims plead in this action against the Defendant without prejudice. ECF No. 18; see Fed. R. Civ. P. 41(a)(1)(A)(i). This Notice moots (1) all claims by Crosswhite or Ales alleging they are entitled to relief under the FLSA or VWPA and (2) the breach of contract claims under Count III. ECF No. 18.

As to the remaining FLSA and VWPA claims brought by Kelvin Darkwa, Khadijah Vasser, Victoria Elizabeth Hric, and Zoe Ray ("the Remaining Plaintiffs"), the Remaining Plaintiffs allege in the Complaint that REE "knowingly and unlawfully withheld and failed to pay the earned hourly wages and earned tip wages for employed duties performed for REE's benefit at the Richmond Raceway. ECF No. 1 at ¶¶ 24, 28, 32, 36. In or about August 2024, REE employed the Remaining Plaintiffs to perform beer cart and related concession services at the Richmond Raceway. ECF No. 1. The Complaint asserts that the Remaining Plaintiffs had individual agreements with REE. These agreements stated the Remaining Plaintiffs would be entitled to direct wage payment at a set hourly rate plus the right to keep and retain all earned tip wages received from REE's customers while working at the event at the

Richmond Raceway. ECF No. 1. The Complaint alleges that, as to each of the Remaining Plaintiffs, REE knowingly and unlawfully withheld and failed to fully or timely pay Remaining Plaintiffs negotiated, promised, and earned tip wages received from Defendant's customers at the Richmond Raceway. ECF No. 1. The Remaining Plaintiffs, by way of the Complaint, attempt to bring FLSA and VWPA claims on behalf of themselves and other similarly situated individuals as an FLSA and VWPA collective action. ECF No. 1 at ¶ 37.

On October 9, 2025, REE filed its now-stricken SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS (the "Supplemental Memorandum") (ECF No. 28). For the first time in its Supplemental Memorandum, REE raised "an independent ground on which the case should, indeed must, be stayed and referred to alternive [sic] dispute resolution, namely that the employment contracts for each of the four named Plaintiffs include an express, binding arbitration clause." ECF No. 28 at 1-2. By way of explanation for its delay in raising this argument, REE claims that it "learned of this only recently — when the company was finally able to secure access to a portion of its electronic business records in connection with the Richmond NASCAR weekend event at issue in this case from a former Internet cloud ERP ('enterprise resource planning') service provider." ECF No. 28 at 2.

On October 16, 2025, a conference call was held, during which counsel for REE expressed his interest in filing a Motion to Stay and Compel Arbitration. Accordingly, by ORDER (ECF No. 29), the Court struck REE's Supplemental Memorandum as an improper pleading and directed REE to file its Motion to Stay and Compel Arbitration by October 20, 2025. However, during that same conference call, and after expressing his intent to file a proper Motion to Stay and Compel Arbitration, counsel for REE proceeded to re-request hearing on the then-outstanding Motion to Dismiss (ECF No. 13). In turn, by ORDER (ECF No. 29), the Court set a hearing for Oral Argument on REE's amended Motion to Dismiss (ECF No. 13) for October 30, 2025. The hearing on REE's Motion to Dismiss was held, and the Court, by ORDER (ECF No. 36) entered October 31, 2025, denied REE's Motion to Dismiss.

On October 20, 2025, REE filed a MOTION TO STAY AND COMPEL ARBITRATION (ECF No. 31), moving the Court to stay this civil action and compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 1, et seq. On October 28, 2025, Plaintiffs filed PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY AND COMPEL ARBITRATION (ECF No. 34). On November 5, 2025, REE filed its REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY AND COMPEL ARBITRATION (ECF No. 39). The pending Motion to Stay and Compel Arbitration is now ripe for the Court's review.

## II. LEGAL STANDARD

A party may compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., only if the party establishes:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.

Am. Gen. Life & Acc. Ins. Co. v. Wood, 429 F.3d 83, 87 (4th Cir. 2005) (citing Adkins v. Lab. Ready, Inc., 303 F.3d 496, 500 (4th Cir. 2002)). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." Green Tree Fin. Corp. Alabama v. Randolph, 531 U.S. 79, 91 (2000)). When facing such a challenge to arbitration, "courts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement nor . . . its enforceability . . . is in issue. Where a party contests either or both matters, 'the court' [not the arbitrator] must resolve the disagreement." Granite Rock Co. v. Int'l Bhd. of Teamsters, 561 U.S. 287, 299-300 (2010) (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995)).

## III. ANALYSIS

The Remaining Plaintiffs oppose arbitration for one reason: they contend that REE waived its right to compel arbitration because it knew of and acted inconsistently with its right to

compel arbitration by actively participating in this litigation. ECF No. 34 at 8. First, the Court finds that there are mutual agreements between the Remaining Plaintiffs and REE to resolve any disputes arising under their respective employment contracts through binding arbitration. See ECF No. 32-1. Here, it is not disputed that the claims in the Complaint arise under their respective employment contracts. Therefore, the Court is left to consider whether REE, by way of its actions in the instant litigation, waived its right to compel arbitration.

Waiver "is the intentional relinquishment or abandonment of a known right." Morgan v. Sundance, Inc., 596 U.S. 411, 417 (2022) (citing United States v. Olano, 507 U.S. 725, 733 (1993)) (internal quotation marks omitted). "[W]aiver can be express or implied through action." Brickstructures, Inc. v. Coaster Dynamix, Inc., 952 F.3d 887, 891 (7th Cir. 2020) (citing Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc., 660 F.3d 988, 994 (7th Cir. 2011)). When courts evaluate whether waiver can be inferred, they "consider whether 'a party acted inconsistently with the right to arbitrate.'" Al-Nahhas v. 777 Partners LLC, 129 F.4th 418, 426 (7th Cir. 2025) (citing Kawasaki Heavy Indus., 660 F.3d at 994).

Here, the Court finds there to be no doubt that REE has waived its right to compel arbitration. On the record before the Court, it is undisputed that on or before October 9, 2025, when REE filed

its now-stricken Supplemental Memorandum, REE had knowledge of its right to compel arbitration.[1] Therefore, the "knowledge" requirement is clearly satisfied as of October 9, 2025.

The question then becomes whether REE, since October 9, 2025, when it clearly knew of its right to compel arbitration, intentionally relinquished that right by acting inconsistently with its right to arbitrate. The Court answers this in the affirmative. Here, counsel for REE during the October 16, 2025, Conference Call re-requested hearing on the then-outstanding Motion to Dismiss. Furthermore, counsel for REE thereafter participated in the hearing. In line with the parties' request for the court to hear argument on the Motion to Dismiss, the Court, by ORDER (ECF No. 36), denied REE's Motion to Dismiss. The decisions to re-request a hearing, participate in the hearing, and seek a ruling from this Court on its Motion to Dismiss are all utterly inconsistent with REE's right to compel arbitration. See Gramercy Distressed Opportunity Fund II, L.P. v. Bakhmatyuk, No. 2:21-CV-223, 2024 U.S. Dist. LEXIS 154083, at *17 (D. Wyo. Aug. 26, 2024). By acting inconsistently with its right to arbitrate, REE has intentionally relinquished that known right altogether. "[REE] must now accept the result of its chosen litigation strategy:

---

[1] The Remaining Plaintiffs assert that REE, as drafter of the employment agreements containing the arbitration clause, cannot claim it lacks "knowledge" of its right to compel arbitration. However, for the purposes of resolving the instant motion, the Court need not reach this issue.

waiver of its right to compel arbitration." <u>Khan v. Parsons Glob. Servs., Ltd.</u>, 521 F.3d 421, 428 (D.C. Cir. 2008) (while <u>Kahn</u> addressed a motion for summary judgment, nothing about its language was necessarily limited to that context).

## IV. CONCLUSION

For the reasons provided above, REE's Motion to Stay and Compel Arbitration (ECF No. 31) will be DENIED.

                                                    /s/ *REP*
                                    Robert E. Payne
                                    Senior United States District Judge

Richmond, Virginia
Date: February 4, 2026