**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

CHESLEY CROSSWHITE, et al.,
Individually and on Behalf of
All Others Similarly Situated,

Plaintiffs, Civil Action No. 3:25cv308

v.

ROYAL ENTERTAINMENT EVENTS,
LLC,

Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO SIMILARLY SITUATED INDIVIDUALS (the "MOTION FOR CONDITIONAL CERTIFICATION") (ECF No. 30), the Plaintiffs' MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO SIMILARLY SITUATED INDIVIDUALS (ECF No. 33), Defendant's MEMORANDUM IN OPPOSITION TO MOTION FOR CONDITIONAL CERTIFICATION (ECF No. 40), and PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO SIMILARLY SITUATED INDIVIDUALS (ECF No. 42). For the reasons set forth below, the Motion for Conditional Certification will be denied with leave to file an Amended COMPLAINT and an Amended MOTION FOR CONDITIONAL CERTIFICATION.

## I. BACKGROUND

On April 21, 2025, Kelvin Darkwa, Chelsey Crosswhite, Calvin Alex Ales, Jr, Khadijah Vasser, Victoria Elizabeth Hric, and Zoe Ray (collectively, "the original Plaintiffs") filed a complaint ("the Complaint") against Royal Entertainment Events, LLC ("REE"). ECF No. 1, at ¶ 1. The Complaint alleges that REE (1) violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. (COUNT I), (2) violated the Virginia Wage Payment Act ("VWPA"), Va. Code §§ 40.1-29 et seq. (COUNT II), and (3) breached its respective contracts with plaintiffs Crosswhite and Ales (COUNT III). ECF No. 1 at ¶¶ 49, 55-56, 63.

Since filing the Complaint, plaintiffs Crosswhite and Ales, through counsel, and pursuant to Fed. R. Civ. P. 41, submitted their Notice of voluntary dismissal without prejudice of their individual claims against REE. ECF No. 18; see Fed. R. Civ. P. 41(a)(1)(A)(i). The Notice moots (1) all claims by Crosswhite or Ales alleging that they are entitled to relief under the FLSA or VWPA and (2) the breach of contract claims under Count III. ECF No. 18.

As to the remaining FLSA and VWPA claims brought by Kelvin Darkwa, Khadijah Vasser, Victoria Elizabeth Hric, and Zoe Ray ("the Remaining Plaintiffs"), the Remaining Plaintiffs allege that REE "knowingly and unlawfully withheld and failed to pay the earned hourly wages and earned tip wages for employed duties performed

for Defendant's benefit at the Richmond Raceway." ECF No. 1 at ¶¶ 24, 28, 32, 36. In or about August 2024, REE employed the Remaining Plaintiffs to perform beer cart and related concession services at the Richmond Raceway. ECF No. 1. The Remaining Plaintiffs had individual agreements with REE. Those agreements provided that the Remaining Plaintiffs would be entitled to direct wage payment at a set hourly rate[1] plus the right to keep and retain all earned tip wages received from REE's customers while working at the event at the Richmond Raceway. ECF No. 1. The Complaint alleges that, as to each of the Remaining Plaintiffs, REE knowingly and unlawfully withheld and failed to fully or timely pay Remaining Plaintiffs negotiated, promised, and earned tip wages received from REE's customers at the Richmond Raceway. ECF No. 1.

To recover the withheld wages and tips, the Remaining Plaintiffs assert FLSA and VWPA claims on behalf of themselves and other similarly situated individuals as an FLSA and VWPA collective action. ECF No. 1 at ¶ 37. As to the FLSA claim in Count I, the Complaint alleges that REE is liable to the Remaining Plaintiffs and each member of the FLSA class[2] "in the amount of (i) payment

---

[1] The respective contractual agreements between Hric, Vasser, and Ray and REE stated that each plaintiff would receive direct wage payment at the rate of $12.00 per hour. The agreement between Darkwa and REE stated Darkwa would receive direct wage payment at the rate of $16.75 per hour. ECF No. 1 at ¶¶ 22, 26, 30, 34.

[2] "Any person Defendant employed in August 2024 at the Richmond Raceway who was denied full payment or retention of all negotiated,

of all knowingly and unlawfully withheld or unpaid earned tip wages received from REE's customers at the Richmond Raceway; (ii) statutory liquidated damages (double (2x) damages); (iii) interest; and (iv) attorneys' fees and costs." ECF No. 1 at ¶ 44. As to the VWPA claim in Count II, the Complaint alleges that REE is liable to the Remaining Plaintiffs and each member of the VWPA class[3] "in the amount of (i) payment of all knowingly and unlawfully withheld negotiated, promised, and earned wages for all hours worked for REE's benefit at the Richmond Raceway; (ii) payment of all knowingly and unlawfully withheld or unpaid earned tip wages received from REE's customers at the Richmond Raceway; (iii) statutory liquidated damages (trebled (3x) damages); (iv) interest; and (v) attorneys' fees and costs." ECF No. 1 at ¶ 45.

On October 20, 2025, the Remaining Plaintiffs filed PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO SIMILARLY SITUATED INDIVIDUALS (ECF No. 30) seeking conditional certification of a collective action for the common and collective

---

promised, and earned tip wages received from Defendant's customers at the Richmond Raceway (hereafter, 'the FLSA Class')." ECF No. 1 at ¶ 38.

[3] "Any person Defendant employed in August 2024 at the Richmond Raceway who was denied full and timely payment of all negotiated, promised, and earned direct wages and/or payment and retention of all earned tip wages received from Defendant's customers at the Richmond Raceway (hereafter, 'the VWPA Class')." ECF No. 1 at ¶ 39.

prosecution of Remaining Plaintiffs and the Class Members'[4] claims against REE under the FLSA and under the VWPA. On October 20, 2025, REE filed a MOTION TO STAY AND COMPEL ARBITRATION (ECF No. 31) ("Motion to Stay"). On February 4, 2026, the Court denied the Motion to Stay, and, on February 20, 2026, REE filed its NOTICE OF APPEAL (ECF No. 55). This Court then stayed all other proceedings pending resolution of that appeal (ECF Nos. 57, 58). On August 3, 2026, the United States Court of Appeals for the Fourth Circuit dismissed the appeal (ECF No. 63). On August 6, 2026, this Court lifted its stay of further proceedings (ECF No. 65). The MOTION FOR CONDITIONAL CERTIFICATION is now ripe.

## II. LEGAL STANDARD

The FLSA allows plaintiffs to institute a collective action against their employer on their own behalf and on behalf of other employees. Purdham v. Fairfax Cnty. Pub. Schools, 629 F. Supp. 2d 544, 547 (E.D. Va. 2009). Section 216(b) of the FLSA states:

> An action... may be maintained against any employer... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

---

[4] The class in this case has now been defined to include Plaintiffs and all other individuals REE employed to perform beer hawker, barback, runner, cook, cashier, beer vendor, bartender, and related concession services at the Richmond Raceway NASCAR event on August 10, 2024, or August 11, 2024 ('Class Members'). ECF No. 30 at 1.

29 U.S.C. § 216(b). A collective action under the FLSA is intended to "resolve common issues of law and fact in one proceeding and lower the individual costs of vindicating rights." Chapman v. Saber Healthcare Grp., 623 F. Supp. 3d 664, 671 (E.D. Va 2022) (citing Hoffman-LaRoche Inc. v. Sperling, 492 U.S. 165, 170 (1989)). An employee opts in to the collective action by "providing written consent to the court indicating that he intends to join the suit." Id.

The VWPA incorporates the FLSA's collective action procedures:

> [I]f an employer fails to pay wages to an employee in accordance with this section, the employee may bring an action, individually, jointly, with other aggrieved employees, or on behalf of similarly situated employees as a collective action consistent with the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. § 216(b)....

Va. Code Ann. § 40.1-29(K). As such, the collective action procedures under the FLSA and VWPA are the same.

As to both claims, Plaintiffs are required to demonstrate that they are similarly situated to proceed as a collective. Chapman, 623 F. Supp. 3d at 672. "The FLSA does not define 'similarly situated,' and the Fourth Circuit has yet to adopt a precise definition of the term." Id. Therefore, district courts have adopted a two-step framework. Id. First comes the conditional certification stage, which occurs early in the discovery process.

Id. Second comes the decertification stage, which occurs after discovery is complete. Id. At the decertification stage, the court makes a factual determination about whether the class is truly similarly situated. Id. If the collective is not certified at either stage, the plaintiffs may proceed on their claims individually. Id.

At the conditional certification stage, the court decides whether to facilitate the opt-in process by conditionally certifying the collective and authorizing notice of the suit to potential plaintiffs. Id. Plaintiffs bear the burden of showing the existence of a putative class. Purdham v. Fairfax Cnty. Pub. Schools, 629 F. Supp. 2d 544, 548 (E.D. Va. 2009). This burden is "relatively light." Id. Plaintiffs are required to make only a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Choimbol v. Fairfield Resorts, Inc., 475 F. Supp. 2d 557, 564 (E.D. Va. 2006).

Where multiple claims can be adjudicated more efficiently due to common underlying facts, and where the claims do not require substantial individualized determinations for each class member, conditional certification is appropriate. Purdham, 629 F. Supp. 2d at 549. But where the claims require significant individual determinations, they are inappropriate for conditional certification. Id. at 550.

## III. ANALYSIS

Plaintiffs claim that REE is liable under the FLSA and VWPA because the FLSA prohibits employers from keeping the tips received by its employees for any purposes, 29 U.S.C. § 203(m)(2)(B), and the VWPA requires that employers pay their employees all wages or salaries due for work performed (which includes tips withheld by the employer), Va. Code Ann. § 40.1-29(A), (B). ECF No. 33 at 5. REE does not dispute this.

### A. Plaintiffs Have Not Alleged a "Common Plan or Practice."

REE argues that Plaintiffs have failed to establish a common policy, plan, or scheme to violate the law. ECF No. 40 at 3. REE asserts that the only fact in common for all employees is that REE failed to pay them. Id. However, REE notes that the reason it did not pay its workers was because its electronic devices, which captured concessions transactions, failed due to a technical error, and not because of a "plan" or "policy." Id. REE argues that because the failure to pay its employees was due to a mistake made by a subcontractor, rather than a deliberate plan perpetuated by REE, Plaintiffs cannot establish that REE had a policy or plan to withhold tips from Plaintiffs. Id.

And REE is correct that, as a general matter, alleged FLSA violations committed "without a company-wide policy or plan directing" the violations are not appropriate for a collective action. See MacGregor v. Farmers Ins. Exch., No. 2:10cv3088, 2011

WL 2981466 at *3 (D.S.C. July 22, 2011). Courts have required that there be some sort of policy or plan, either written or unwritten, adopting the alleged unlawful practices. See, e.g., Chapman, 623 F. Supp. 3d at 647; Adams v. Citicorp Credit Servs., Inc., 93 F. Supp. 3d 441, 455 (M.D.N.C. 2015).

The Complaint does not allege that the violations were the product of a common policy or plan. In fact, the Complaint offers no explanation for why they were not paid. And, in Plaintiffs' declarations, they state that REE:

> "has blamed its failure to pay pre-set, promised, and earned direct wages and tips... as a circumstance beyond [REE's] control and arising from or related to a dispute between [REE] and its superior contractor for the Richmond Raceway NASCAR event,"

ECF No. 33-2, 33-3, 33-4, 33-5, but the Complaint does not dispute REE's proffered reason for its failure to pay. And, Plaintiffs do not address this point in their briefing. In sum, Plaintiffs have failed to make even a modest showing that the alleged violations of FLSA and VWPA were committed due to a common policy or plan.

**B. Plaintiffs Are Similarly Situated.**

Next, REE argues that the Plaintiffs are not similarly situated because they failed to allege that they "performed similar tasks and were subject to the same or similar policies regarding timekeeping and compensation." ECF No. 40 at 2. REE claims that the employees performed the different roles of beer hawker, barback, runner, cook, cashier, beer vendor, bartender, and

concession services, and each role had different responsibilities and wages, some with and some without tips. Id. Beer hawkers were to be paid 10% commission on sales, plus tips. ECF No. 33 at 8. Barbacks were to be paid $20.00 per hour. Id. Runners, cooks, and cashiers were to be paid $15.00 per hour. Id. Beer vendors and bartenders were to be paid $12.00 per hour plus tips. Id. According to REE, the only commonality between these employees is that they were all employed by REE. ECF No. 40 at 2.[5]

However, the fact that each employee is entitled to different wages is insignificant. Romero v. Mountaire Farms, Inc., 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011). Class members may still be similarly situated even when there are individual "differences as to time actually worked, wages actually due and hours involved" when the claims of each employee arise "from at least a manageably similar factual setting with respect to their job requirements and pay provisions." Id.

Here, Plaintiffs have shown that the employees were similarly situated. Each employee worked at the Richmond Raceway NASCAR event on August 10, 2024, and August 11, 2024. ECF No. 33 at 8. REE

[5] REE also argues that some of the allegations in Plaintiffs' supporting affidavits are factually impossible and "contrary to the evidence." ECF No. 40 at 4. However, at the conditional certification stage, "the court does not resolve factual disputes, decide substantive issues, or evaluate credibility." Chapman v. Saber Healthcare Grp., LLC, 623 F. Supp. 3d 664, 672 (E.D. Va. 2022).

promised to pay each of its employees' wages according to their role. Id. After the event, REE failed to pay its employees. Id. This common set of facts is sufficient to satisfy the low threshold required for conditional certification of a collective action.

## IV. CONCLUSION

For the reasons provided above, the MOTION FOR CONDITIONAL CERTIFICATION (ECF No. 30) will be denied. However, given the allegations of the Complaint, it is possible that the policy or practice requirement might be available. If it is, the Plaintiffs must be afforded the opportunity to say so. If not, a collective action is not sustainable. So, the denial is without prejudice to the filing of an Amended Complaint and an Amended Motion for Collective Certification that satisfies the policy/pattern requirement. Those pleadings must be filed by November 10, 2026. If not, the action will proceed on an individual basis.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 6, 2026